[No. 5392.]
[No. 3042 C. A.]

## JANSSEN ET AL. v. DUNCAN.

1. **Justices of the Peace—Replevin—Bond—Liability of Sureties —Denial—Estoppel.**

Where the value of the property in replevin in a justice of the peace court is alleged by plaintiff to be less than $300, its maximum jurisdiction, and upon appeal it is determined that such value is greater than $300, and the case is dismissed, the sureties upon the bond are estopped from denying the jurisdiction of the justice court.—P. 288.

2. **Same.**

Plaintiff, as sheriff, by virtue of an execution, levied on certain cattle, which were replevined by a writ issuing out of a justice court, the affiant alleging that the cattle were of the value of $250; but on appeal by plaintiff to the county court, the value was found to be in excess of the lower court's jurisdiction, whereupon the case was dismissed. Held, that, in an action on the replevin bond, defendants were estopped to plead that the justice of the peace had no jurisdiction of the subject-matter, for the reason that the amount was in excess thereof, because they had originally alleged in the justice court that the property was within its jurisdiction.—P. 288.

3. **Practice in Civil Actions—Replevin Bond—Evidence—Competency.**

In an action on a replevin bond, defendants tendered testimony that they were the real owners of the cattle replevined, and that the original judgment upon which the execution was issued, under which the defendant in replevin took the cattle, was obtained without service. Held, that such testimony was immaterial, and properly rejected.—P. 288.

*Error to the District Court of Montezuma County.*
*Hon. James L. Russell, Judge.*

Action on a replevin bond by John T. Duncan, sheriff, against D. J. Janssen, M. E. Starriett, Angus McDonald, John Moriarty, and J. E. Longwell. From a judgment for plaintiff, defendants bring error.     ·             ·      *Affirmed.*

Mr. CHARLES A. JOHNSON, for plaintiffs in error.

Mr. F. C. PERKINS and Mr. P. G. ELLIS, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The sheriff of Montezuma county, defendant in error, by virtue of an execution issued out of the county court of La Plata county, levied upon seventeen head of cattle as the property of Josiah Starriett. Plaintiffs in error, D. J. Janssen and M. E. Starriett, caused a writ of replevin to be issued out of a justice court under which the cattle were taken from the possession of the sheriff and delivered to Janssen and Starriett. The affidavit of replevin alleged that the cattle were of the value of $250.00. In the justice court judgment was rendered against defendant in error in the replevin suit and he took an appeal to the county court of Montezuma county. The evidence in the county court showed that the value of the property was in excess of the jurisdiction of the justice court, whereupon the replevin suit was dismissed. The sheriff then brought this action upon the replevin bond and recovered judgment in the district court, from which judgment the matter was brought to the court of appeals on error.

It is contended by plaintiffs in error that the action would not lie upon the bond, because the jus-

tice of the peace did not have jurisdiction of the sub-ject-matter, and therefore all proceedings growing out of the replevin suit were void.

The case of *Robinson et al. v. Bon Jour,* 16 Colo. App. 458, is relied upon as being decisive of this question. That case is not in point. The complaint therein alleged the value of the property replevined to be $500.00, so that upon the face of the complaint it was apparent that the court was without jurisdic-tion; while, in the case at bar, upon the face of the papers the justice court had jurisdiction. Where the value of the property in a replevin suit is alleged by the plaintiff to be less than $300.00, and upon appeal it is determined that the value of the property was greater than $300.00 and the case is dismissed, the sureties upon the bond are estopped from deny-ing the jurisdiction of the justice court. This dis-poses of the principal contention of plaintiffs in error.

The second defense of the plaintiffs in error was demurred to and the demurrer sustained. This de-fense alleged that the justice of the peace could not have jurisdiction of the subject-matter, for the reason that the value of the property replevined was $500.00. Having alleged to the justice of the peace that the property was worth less than $300.00, the parties could not afterwards challenge the jurisdiction of the justice of the peace by alleging that the property was of greater value.

The defendants tendered testimony as to the value of the cattle for the purpose of showing that the justice court was without jurisdiction; that they were the real owners of the property; and that the original judgment upon which the execution was issued was obtained without service. These offers were rejected by the court, and its action was assigned as error. None of these matters were ma-

terial in a suit upon a replevin bond and were properly rejected.

We are unable to discover any error in the record, and the judgment of the district court will therefore be affirmed.                                 *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.